UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN MICHAEL MEECH, | ) | CASE NO.: 1:12CV2134 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant Carolyn W. Colvin's ("Commissioner") Objections to the Magistrate Judge's Report and Recommendation ("R&R"). This action was referred to Magistrate Judge Kathleen B. Burke pursuant to local rule 72.2(b)(1) for a Report on the decision of the Administrative Law Judge ("ALJ") to deny Claimant Shawn Michael Meech's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §1381 *et seq*. The Magistrate Judge recommends that the ALJ's decision denying SSI to Plaintiff be reversed and remanded back to the ALJ for further fact-finding, analysis, and articulation. Commissioner timely objected to the R&R.

**Law and Analysis**

The R&R sets forth a thorough review of the facts of this matter and this Court adopts the facts as set forth by the R&R. When a magistrate judge submits an R&R, this Court is required to conduct a *de novo* review of the portions of the Report to which an objection has been made. 42 U.S.C. § 1381(c)(3). This Court's review of the ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings when viewing the record as a whole. *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a

mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Besaw v. Sec'y of Health and Human Services*, 966 F.2d 1028, 1030 (6th Cir. 1992). Simply, substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 306 U.S. 197, 229 (1938). If substantial evidence supports the ALJ's decision, the reviewing court must affirm the ALJ's decision even if substantial evidence or even a preponderance of the evidence also supports the opposite position. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *see also, Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  Additionally, a reviewing court cannot try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

This standard grants wide latitude to administrative decision makers. *Mullen*, 800 F.2d at 545. The standard presupposes that there is a 'zone of choice' within which the ALJ has discretion. *Id.* An administrative decision is not subject to reversal merely because substantial evidence may support a contrary decision. *Id.*  However, in determining whether substantial evidence supports the ALJ's findings, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The reviewing court must also consider whether the ALJ followed proper legal standards. *Queen City Home Health Care v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

A disability claimant must be unable to engage in any substantial gainful activity due to the existence of a medical or physical impairment to receive benefits. 42 U.S.C. § 423(d)(1)(A); *Colvin v. Comm'r of Soc. Sec.*, 475 F.3d 727, 730 (6th Cir. 2007). A mental or physical impairment is an "impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than twelve months." *Id*. The inability to engage in substantial gainful activity includes both the claimant's past employment and any other work existing in significant quantity in the economy. 42 U.S.C. § 423(d)(2)(A); *Harmon v. Comm'r of Social* Security, 168 F.3d 289, 291 (6th Cir. 1999).

To make a determination of disability, an ALJ is required to follow a five-step sequential analysis according to agency regulations. The Five-Step analysis followed is:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess Claimant's residual functional capacity and use it to determine if claimant's impairment prevents him from doing past relevant work. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920 (b)-(g); *see also, Brown v. Yuckert,* 482 U.S. 137, 140-42 (1987). A claimant has the burden of proof at Steps One through Four and then the burden shifts to the Commissioner at Step Five. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 529 (6th Cir. 1997).

This Court reviews whether the ALJ's decision cited substantial evidence to support the conclusion. In reviewing the ALJ's decision, the reviewing court may not rely on *post-hoc* rationalizations to legitimize the finding of the ALJ. *SEC v. Chenery Corp.*, 332 U.S. 194 (1947).

(holding that a reviewing court, in assessing the decision of an administrative agency, must judge its propriety solely by the grounds invoked by the agency.).

Here, the magistrate judge determined that the ALJ "erred at Step Three of the sequential analysis because he failed to evaluate properly whether Meech's physical impairments met or equaled a Listing." For this reason, the magistrate judge recommended that the final decision of the Commissioner be reversed and remanded. The Commissioner objects to the R&R stating that the magistrate judge improperly attempts to re-weigh medical evidence. Meech argues that the Commissioner uses *post hoc* rationalizations to support the ALJ's finding and asks that this court adopt the magistrate judge's R&R. The Commissioner argues that it is not relying on *post hoc* rationalizations and that even if the ALJ's decision failed to adequately explain the decision at Step Three, such error is harmless since the decision as a whole provides substantial explanation and analysis. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (holding that the Commissioner is not attempting to offer *post hoc* justification of agency action by invoking the harmless error argument).

The Commissioner contends that there is an appropriate amount of evidence in the record to support the decision of the ALJ regardless of whether or not the rationale for denial of SSI for a physical impairment was present in the Report. The Commissioner states that this qualifies as a harmless mistake because further articulation for the ALJ's reasoning would not change the outcome of the case. *See Skarbeck v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). According to the Commissioner, therefore, because the record shows substantial evidence that Meech did not meet a listed impairment, the ALJ's failure to fully explain his rational in his Step Three analysis is immaterial.

After considering Commissioner's objections to the R&R and conducting a *de novo* review of the record, this Court agrees with the Commissioner.

Initially, the Court would note that Meech's reliance on this Court's prior decision in *May v. Commissioner*, 2011 WL 3490229 (N.D.Ohio Aug. 10, 2011) is misplaced.  In *May*, the undersigned concluded that no *proper* objections had been filed by the Commissioner and therefore concluded that no review of the underlying R&R was necessary.  As such, it can hardly be said that the undersigned has adopted the view espoused by Meech.  However, more importantly, **any** harmless error review requires a review of the whole record.  As a result, such reviews are highly fact intensive and the citations to *May* and *Reynolds* offer only a general overview of the Court's duties.

As the undersigned has consistently found, the Court will not place form over substance in these matters.  In large part, Meech's claims of error focus upon the fact that the subsection of the ALJ's order at Step Three does not contain a lengthy analysis.  In so doing, Meech specifically seeks to elevate form over substance.  As noted, the undersigned declines to do so.

In reviewing the Commissioner's objection, the Court finds merit in the assertion that the R&R errs in its harmless error review.  In engaging in a harmless error review, the R&R properly states the standard of review:  "Application of harmless error may be appropriate where the review of a **decision as a whole** leads to the conclusion that no reasonable fact finder, following the correct procedure, could have resolved the factual matter in another manner." (Emphasis added.)  While stating the standard properly, the R&R then states solely the evidence that Meech argues supports a determination that a reasonable fact finder could have resolved the matter in his favor.  The R&R mentions only in passing that "the ALJ did discuss Meech's physical impairments at Step Two and in his RFC analysis."  In so doing, the R&R effectively substitutes

5

the Magistrate Judge's decision for that of the ALJ.  In that regard, the R&R makes no mention of the review of Meech's physical impairments that was conducted by the ALJ, nor does it make any mention of the restrictions that the ALJ concluded were appropriate based upon his review of the entirety of the medical evidence and Meech's own testimony.  In essence, the R&R gave no deference to the ALJ's review and in fact ignored that review.  The Court finds such a review to be in error.

An ALJ is not mandated to speak to all pieces of evidence in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).  Although the ALJ did not specifically address Meech's physical impairments in his Step Three analysis, there is adequate discussion of this medical evidence in his Step Four analysis, showing that he considered such evidence.  The Commissioner's objections properly highlight that the ALJ thoroughly reviewed the medical evidence and found certain limitations that resulted from Meech's physical ailments.  None of those limitations suggest that Meech even closely meets or equals the listing that he now claims should have been reviewed more fully.  Accordingly, any procedural error in the ALJ's omission of the specific listing and a more specific analysis is harmless.  The objection is SUSTAINED.  The R&R is REJECTED and the Commissioner's decision is AFFIRMED.

**Conclusion**

This Court hereby rejects decision in the Magistrate Judge's Report and Recommendation.  The Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

___September 24, 2013____            ___/s/*John R. Adams*_____
DATE                                             JUDGE JOHN R. ADAMS
                                                               UNITED STATES DISTRICT COURT